**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| HOVENSA, LLC, by its Tax Matters Partner, )<br><br>Petitioner, )<br><br>v. )<br><br>DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, )<br><br>Respondent. ) | Case No.: 2015-0026 |

## PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226

Hess Oil Virgin Islands Corp. ("HOVIC" or "Petitioner"), as tax matters partner for HOVENSA, L.L.C. ("HOVENSA"), hereby petitions for judicial review of a Final Partnership Administrative Adjustment ("FPAA") issued to HOVENSA. This Petition challenging the FPAA is filed pursuant to 26 U.S.C. § 6226(a)(1). The FPAA is invalid because it was issued after the expiration of the applicable statute of limitations and because it was issued arbitrarily without an examination of HOVENSA's 2010 income tax return.

As the basis for its Petition, Petitioner alleges as follows:

## NATURE OF THE ACTION

1.    This is a partnership proceeding under the partnership rules of the Internal Revenue Code of 1986, as amended (26 U.S.C. §§ 6221-6234), seeking judicial review of the FPAA, including its timing and contents, issued for the taxable year ending December 31, 2010.  The FPAA was issued by the United States Virgin Islands Bureau of Internal Revenue ("BIR") and is dated December 30, 2014.

2.    The United States Virgin Islands ("USVI") is an unincorporated territory of the United States.

3.    The income tax laws of the United States apply in the USVI under a "mirror system" of taxation.  Under the mirror system, the words "Virgin Islands" are substituted for the words "United States" wherever they appear in the Internal Revenue Code.

4.    Under 26 U.S.C. § 6226(a)(1), within 90 days after the issuance of an FPAA, a partnership's tax matters partner (as defined by and designated under 26 U.S.C. § 6231(a)(7)) may petition the Tax Court to challenge the FPAA.  Under the mirror system and 48 U.S.C. § 1612(a), such petitions are properly filed in this Court.

5.    This is not a suit for a refund under 26 U.S.C. § 7422 or a petition for redetermination of a deficiency under 26 U.S.C. § 6212.

## THE PARTNERSHIP

6.      HOVENSA is a limited liability company organized in the USVI. It was formed in 1998 to own and operate an oil refinery on St. Croix in the USVI (the "refinery").  HOVENSA's principal place of business is in the USVI.  HOVENSA's mailing address and principal office is at 1 Estate Hope, Christiansted, USVI 00851-0127.

7.      HOVIC is a corporation organized in the USVI.  HOVIC's mailing address for purposes of correspondence with the BIR is c/o Bryant, Barnes & Moss LLP, 1134 King Street, 2nd Floor, Christiansted, United States Virgin Islands 00822-4589 and its principal place of business is at New York, New York.

8.      At all relevant times, HOVIC and PDVSA, VI ("PDVSA"), a corporation organized in the USVI, have each owned one-half of HOVENSA's outstanding member interests, representing equal shares in HOVENSA's profits, losses, and capital.

9.      At all relevant times, HOVENSA has been classified as a partnership for USVI tax purposes under 26 U.S.C. § 7701(a)(2).  At all relevant times, HOVIC and PDVSA have been HOVENSA's only partners.

10.     From 2008 to 2011, HOVENSA incurred substantial economic losses from operating the refinery.  HOVENSA closed the refinery in 2012.

11.     HOVENSA filed with its partnership income tax return (Form 1065) for the 1999 tax year a statement under 26 U.S.C. § 6231(a)(1)(B)(ii) electing to apply the provisions of Subtitle F, Chapter 63, Subchapter C of the Internal Revenue Code (26 U.S.C.) for its initial taxable year and for all subsequent taxable years.

12.     On September 15, 2011, HOVENSA timely filed its partnership income tax return (Form 1065) for the 2010 tax year with the Office of the BIR at St. Croix, USVI.   The BIR received the return on or about September 15, 2011.

13.     The BIR mailed an FPAA with respect to HOVENSA's 2010 tax return to HOVIC in its capacity as HOVENSA's tax matters partner.   The FPAA is dated December 30, 2014.   A copy of the FPAA is attached as Exhibit A.   That FPAA was issued more than three years after the filing of HOVENSA's 2010 partnership income tax return.   Assessments of tax with respect to the FPAA are time barred.

14.     HOVIC is HOVENSA's tax matters partner within the meaning of 26 U.S.C. § 6231(a)(7) and is the proper party to bring this action under 26 U.S.C. § 6226(a)(1).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 26 U.S.C. § 6226(a)(1) and (f) and 48 U.S.C. § 1612(a) to review the FPAA, including its timeliness and contents.   The Court has jurisdiction pursuant to 26 U.S.C. § 6226(d)(1) to determine that assessments of tax for the 2010 tax year resulting from adjustments to partnership items made by the time-barred FPAA are barred by the statute of limitations.

16.     The Court has the inherent power to determine that the FPAA is invalid.

17.     Venue is proper in the St. Thomas and St. John Division of this Court pursuant to 26 U.S.C. § 6226(a)(1) and 48 U.S.C. § 1615.

## ASSIGNMENTS OF ERROR

The issuance of the FPAA and the FPAA's proposed adjustments are based on the following errors:

18.     Respondent erroneously issued the FPAA for 2010 after the expiration of the applicable statutes of limitations under 26 U.S.C. §§ 6229(a) and 6501(a) for assessing tax for 2010 against HOVENSA's partners with respect to the partnership items of HOVENSA.

19.      Respondent erred by asserting, in the FPAA, partnership item adjustments that in fact and law are not legally effective for any legal purpose.

20.     Respondent erroneously disallowed costs of goods sold of $11,935,347,871.

21.     Respondent erroneously disallowed depreciation of $166,347,210.

22.     Respondent erroneously disallowed other deductions of $161,436,702.

23.     Respondent erroneously disallowed ordinary business losses of $478,838,542.

24.     Respondent erroneously disallowed charitable contribution deductions of $1,516,852.

25.     The FPAA erroneously states that accuracy-related penalties are applicable.

## SUPPORTING FACTS

The facts upon which Petitioner relies as the basis for the assignments of error are as follows:

26.     Petitioner incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth in this paragraph 26.

27.     Under 26 U.S.C. §§ 6229 and 6501, the BIR may not make any assessment of tax attributable to partnership items of HOVENSA for 2010

after the later of (1) three years from the filing of the partners' 2010 tax returns, or (2) three years from the filing of HOVENSA's 2010 tax return.

    a. HOVENSA filed its 2010 tax return (Form 1065) on September 15, 2011.

    b. HOVENSA's partners, HOVIC and PDVSA, filed their 2010 tax returns (Form 1120) on September 15, 2011 and August 29, 2011, respectively.

    c. Respondent issued the FPAA on December 30, 2014, more than three years after HOVENSA and its partners filed their respective tax returns.

28.    HOVENSA operated the refinery in 2010.

29.    Substantially all of HOVENSA's 2010 gross receipts were derived from the sale by HOVENSA of inventory that it produced in its business of refining petroleum.

30.    The gross receipts or gross sales reported on line 1c of HOVENSA's 2010 partnership income tax return are $12,257,063,069. This amount was correct.

31.    In connection with its business of operating the refinery to produce inventory for sale to its customers in the ordinary course of business,

in 2010 HOVENSA owned improved real property, plant, equipment, and other assets, which were subject to allowances for depreciation or amortization for purposes of computing HOVENSA's cost of goods sold and taxable income.

32.     The correct amount of depreciation and amortization allowance reportable on line 16c of HOVENSA's 2010 partnership income tax return was at least $163,000,000.

33.     In its business of producing refined petroleum products for sale to customers, HOVENSA incurred significant costs that were required by law to be included in the cost of its inventory.  These costs included, without limitation, raw materials, direct and indirect labor, supplies, and depreciation and amortization.

34.     In computing and reporting its income for 2010, HOVENSA was required to subtract its cost of goods sold from its gross receipts to determine and report its gross income from sales of inventory.

35.     HOVENSA prepared financial statements for 2010 based on an inventory method of calculating cost of goods sold.   HOVENSA's independent auditor, Ernst & Young, audited HOVENSA's 2010 financial statements and provided an unqualified opinion certifying that those financial statements conformed to generally accepted accounting principles.

HOVENSA's 2010 tax return, including the cost of goods sold, was based on and reconciled to HOVENSA's audited financial statements.

36.     The cost of goods sold reported on line 2 of HOVENSA's 2010 partnership income tax return is $11,935,347,871.   This amount was substantially correct.

37.     The total amount of other deductions reported on line 20 of HOVENSA's 2010 partnership income tax return is $307,890,883.   This amount was correct.

38.     The correct amount of ordinary business loss reportable on line 22 of HOVENSA's 2010 partnership income tax return was at least $475,000,000.

39.     The contributions reported on line 13a of Schedule K of HOVENSA's 2010 partnership income tax return were $1,516,852.   This amount was correct.

40.     The FPAA does not adjust the $12,257,063,069 of gross receipts or sales reported on line 1c of HOVENSA's 2010 partnership income tax return.

41.     HOVENSA incurred substantial costs to produce its inventory and was required by law to compute its gross income by deducting its cost of goods sold from its gross receipts.  The FPAA disallows the entire amount of

cost of goods sold that HOVENSA reported on line 2 of HOVENSA's 2010 partnership income tax return.

42.     HOVENSA held depreciable and amortizable property for use in its business. The FPAA disallows the entire amount of depreciation and amortization that HOVENSA reported on line 16c of HOVENSA's 2010 partnership income tax return.

43.     Respondent never issued to HOVIC or PDVSA a Notice of Beginning of Administrative Proceeding with respect to any examination of HOVENSA's 2010 partnership income tax return, as required by 26 U.S.C. § 6223(a)(1).

44.     Respondent never met with any representative of HOVENSA or Petitioner to examine HOVENSA's 2010 partnership income tax return and never requested any books or records from HOVENSA or Petitioner regarding HOVENSA's 2010 partnership income tax return.

45.     Respondent issued the FPAA without having conducted an examination of the books and records that supported HOVENSA's 2010 partnership income tax return.

46.     Respondent provided no legal or factual grounds for disallowing all depreciation and amortization, cost of goods sold, other deductions, or charitable contributions for 2010.

47. Because the adjustments made by Respondent in the FPAA are unsupported by factual determinations based on an examination of HOVENSA's books and records or by any legal explanation, the adjustments made by Respondent in the FPAA are arbitrary, capricious, and beyond Respondent's authority to make adjustments to HOVENSA's 2010 partnership income tax return.

48. The FPAA states that "Accuracy Penalties under IRC Section 6662 are included as a partnership level determination," but does not identify any grounds for application of any specific penalty.

49. Respondent has not conducted an examination of HOVENSA's books and records or based any adjustment on the results of an examination of the facts and application of the law. Any effort by Respondent to impose penalties would be arbitrary, capricious and beyond Respondent's authority.

50. The items reflected on HOVENSA's 2010 partnership income tax return have sufficient support in fact and law to preclude the application of any penalty with respect to any such item.

## SPECIAL MATTERS AND AFFIRMATIVE DEFENSES TO FPAA

51. As noted above in paragraphs 18 and 27, assessments with respect to adjustments purportedly made by the FPAA are time-barred by the applicable statutes of limitations.

52.     Respondent is time-barred and estopped from assessing a tax for 2010 based on the FPAA's adjustments.

53.     The FPAA is not entitled to a presumption of correctness and Respondent is estopped from alleging otherwise.

**WHEREFORE,** Petitioner prays that this Court enter judgment in favor of Petitioner and against Respondent as follows:

1.      The FPAA was issued after the expiration of the statute of limitations and any assessment of taxes attributable to the partnership items of HOVIC and PDVSA for 2010 is time-barred and illegal;

2.      The FPAA, its adjustments and any assertion of penalties, are arbitrary and capricious and beyond Respondent's authority, and the FPAA is invalid and of no legal consequence;

3.      No adjustments shall be made to the partnership items reported in HOVENSA's 2010 partnership income tax return; and

4.      Petitioner shall be granted such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

DUDLEY, TOPPER and FEUERZEIG, LLP

/s/ Chad C. Messier
DATED:  March 27, 2015    By:_____
Chad C. Messier (V.I. Bar No. 497)
Law House, 1000 Frederiksberg Gade
P.O. Box 756, Charlotte Amalie
St. Thomas, VI 00804
Telephone: (340) 774-4422
Facsimile: (340) 715-4400
Email: CMessier@dtflaw.com

Attorney for Petitioner,
as Tax Matters Partner of HOVENSA, LLC